JOSTENS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jostens, Inc. v. Commissioner
Docket No. 47611-86
United States Tax Court
T.C. Memo 1990-97; 1990 Tax Ct. Memo LEXIS 97; 58 T.C.M. (CCH) 1520; T.C.M. (RIA) 90097; February 27, 1990
Sue Ann Nelson, for the petitioner. Genelle F. Forsberg, for the respondent. WILLIAMS
SUPPLEMENTAL MEMORANDUM OPINION WILLIAMS, Judge: This case is before the Court on petitioner's motion for reconsideration of the Court's opinion pursuant to Rule 161, Tax Court Rules of Practice and Procedure. The Court's opinion in this case, T.C. Memo. 1989-656, was filed on December 13, 1989. Petitioner's motion was timely filed on January 12, 1990. Petitioner asks that we reconsider our findings of fact and conclusions of law pertaining to the following issues: (1) whether the stones in petitioner's inventory were raw materials and subnormal goods for inventory valuation purposes; (2) whether the worthlessness of finance charges charged-off for purposes of calculating the addition to *98 petitioner's bad debt reserve was properly before the Court; and (3) whether the residual method was appropriate to value intangible assets petitioner acquired from a corporation. Petitioner also raises a new issue, based on an audit concluded after trial, of whether it is entitled to additional foreign tax credits. We consider only the stone inventory issue. We believe that our opinion adequately considered and disposed of the second issue [1] (slip op. at 33-34) and third issue (slip op. at 41-44) that petitioner raises in its motion. Consideration of the foreign tax credit issue is appropriate in the Rule 155 computation. Petitioner manufactures high school and college class rings. Many of the rings contain synthetic stones. The stones are custom-made to petitioner's exacting specifications by a West German manufacturer. Petitioner offers a wide variety of stones to its customers and provides new stone selections every year in response to continually changing customer tastes *99 and style preferences. Petitioner offers a liberal lifetime warranty on its rings, including the stones. Petitioner generally replaces the stones free of charge pursuant to the warranty. The record contains inconclusive evidence of the number of stones used for warranty. Each year petitioner wrote down to zero the number of stones that exceeded three times the current year's usage. Petitioner referred to these stones as "inactive" or "obsolete." A stone style could have some "inactive" stones valued at zero and some "active" stones valued at cost. A stone style could have "inactive" stones in some years and no "inactive" stones in later years. Petitioner's method also can result in a stone style with "inactive" stones regardless of how many stones petitioner uses in that style during the year. Respondent disallowed petitioner's method of inventory accounting pursuant to section 471. In the opinion, we held that Thor Power Tool Co. v. Commissioner, 439 U.S. 522 (1979), controlled the disposition of the stone inventory issue. We concluded that the stones were not subnormal goods or raw materials and that petitioner had attempted to take a current deduction *100 for an estimated future loss. We held that petitioner had not met its heavy burden of proving that respondent's disallowance of its inventory accounting method was an abuse of discretion. Petitioner contends that we erred in these findings of fact and conclusions of law. Petitioner used the "lower of cost or market" method of valuing its stone inventory during the years at issue. "Market" means the current bid price or replacement cost at the date of the inventory. Sec. 1.471-4(a), Income Tax Regs.; Thor Power Tool Co. v. Commissioner, supra at 534. If no open market for the goods exists, the taxpayer may use evidence of fair market price such as actual sales to establish the market. Sec. 1.471-4(b), Income Tax Regs. If the taxpayer actually offers the goods for which no open market exists for sale at a price lower than cost, it may value the inventory at that lower price. Sec. 1.471-4(b), Income Tax Regs.
We agree with petitioner that no open market existed for the "inactive" stones. *101 The actual sale prices, however, do not support petitioner's valuation. Petitioner continued to offer 73 percent of the 1981 styles with more than 200 "inactive" stones in its price book. Moreover, the stones it sold from styles with "inactive" stones were sold at full price; petitioner did not sell any "inactive" stone style for a lower price. Petitioner's actual sales, therefore, support valuation at cost, not at zero, based on the regulations. The evidence of actual use of stones for warranty work also does not support petitioner's valuation method. The only evidence of warranty use in the record is a partial analysis of the 1981 sales, repair, and warranty use of 135 stone styles that had more than 200 "inactive" stones. Although the stones in the 135 styles that were still valued in inventory were more than sufficient to meet the 1981 demand, the parties did not stipulate and there is no evidence that this analysis was representative of overall usage either for 1981 or for other years. The analysis covers only 17.4 percent of the total "inactive" stones and only one of the three years at issue. Based on this limited data, we cannot conclude that petitioner's actual use supports *102 its valuation method. In support of its valuation method, petitioner relies on section 1.471-2(c), Income Tax Regs., which provides a valuation method for subnormal goods as follows: Any goods in an inventory which are unsalable at normal prices or unusable in the normal way because of damage, imperfections, shop wear, changes of style, odd or broken lots, or other similar causes * * * should be valued at bona fide selling prices less direct cost of disposition, * * * or if such goods consist of raw materials or partly finished goods held for use or consumption, they shall be valued upon a reasonable basis, taking into consideration the usability and the condition of the goods, but in no case shall such value be less than the scrap value. * * * In order to value the stones on a reasonable basis pursuant to section 1.471-2(c), Income Tax Regs., petitioner argues first that the stones are subnormal, and second, that the stones are raw materials or partly finished goods. Petitioner argues that the Court erred in finding that the stones *103 were not subnormal goods or raw materials. Petitioner argues further that because the stones are raw materials, Thor Power Tool Co. v. Commissioner, supra, does not control. In the opinion we held that the stones were not subnormal inventory, "unsalable at normal prices or unusable in the normal way because of damage, imperfections, shop wear, changes of styles, odd or broken lots, or other similar causes," sec. 1.471-2(c), Income Tax Regs. Petitioner calculated the excess of three times the current year's use to determine the number of "inactive" stones in each stone style. We have already observed that many of the stone styles with "inactive" stones were listed in petitioner's price book and that petitioner in fact sold stones from styles with "inactive" stones at the original prices. We further observe that petitioner's "inactive" stones, which were commingled with stones in inventory that were not written down, were indistinguishable from active inventory. This stands in marked contrast to petitioner's disposal of 150,000 stones that were scrapped for being out of style. Those scrapped stones are not, of course, in issue, and *104 we do not mean to imply that physical disposal is necessary to a finding that the stones were no longer usable. Nevertheless, in this case it appears that so long as the stones were on-hand and commingled with active inventory, there is no reason to conclude that the usability of the stones was in any way impaired. Petitioner's distinction between "active" and "inactive" stones in a stone style was artificial. Petitioner's method for determining that some stones were "inactive" looked to the relationship between total annual use of stones in a style and the number on-hand in inventory. If sales picked-up in a style, under petitioner's method previously "inactive" stones could be converted to "active" stones. As long as these stones were listed in the price book, they were being offered for sale to the public. Indeed, under petitioner's method, it could currently write off purchases of very active stones in a style by purchasing enough stones to have a supply of more than three times the number of stones used in a year. The excess stones in inventory that petitioner held for use in manufacturing rings for sales rather than for warranty purposes were not "unsalable at normal prices *105 or unusable in the normal way" because of changes of style. In the opinion we stated: Petitioner believes Thor Power is distinguishable on the grounds that petitioner's stones are raw materials. Raw materials can be valued "upon a reasonable basis." Sec. 1.471-2(c), Income Tax Regs. We do not agree that the stones are raw materials. They have been processed for use in petitioner's rings. They are manufactured according to specification. Perhaps the stones' only use is in petitioner's rings, but this limited utility does not suggest the stones' characterization as raw material. They are finely tooled for a specific purpose. Consequently, the "reasonable basis" method of inventory valuation is unavailable to petitioner for its stones. * * * [Slip Op. at 32.] We reasoned that the stones were finished and ready for warranty use and that the use in new rings was a matter of a simple assembly which did not change the form of the stone. We strike this language from the opinion. After consulting accounting sources and considering other areas of the tax law, it appears that to the extent the stones were used to assemble new rings, they may be *106 raw materials. Clearly, finished goods to one manufacturer can be raw materials to another. The regulations under section 471 do not define raw materials. The record is devoid of expert testimony pertaining to whether use of a good in a simple assembly qualifies it as a raw material and we have sufficient doubt about our conclusion that the stones are not raw materials to strike that finding from our opinion. Nevertheless, our conclusion is not affected. Regardless of whether the stones were raw materials, petitioner would not be able to value the stones pursuant to section 1.471-2(c), Income Tax Regs., because the stones used in new rings were not subnormal. We do not disturb our analysis to the extent that the stones were held for warranty purposes. Throughout these proceedings petitioner has argued that it retained the "inactive" stones primarily to replace stones pursuant to its warranty obligations. If we were to adopt this position, then the excess stone inventory is a finished product, viz, replacement stones. The stones petitioner held to satisfy its warranty obligations are "finished replacement parts" just like the bulk of the items that *107 the taxpayer in Thor Power attempted to write down. Thor Power Tool Co. v. Commissioner, supra at 527 n.3. The "reasonable basis" method for valuing subnormal raw materials or partly finished goods, therefore, would not be available to petitioner. Moreover, petitioner presented very little evidence of the warranty use of the stones at trial. The limited evidence did not allow us to determine whether petitioner's valuation method was reasonable for stones held for future warranty use. We held that Thor Power controlled this case in the opinion. We adhere to our decision and see no need to supplement our discussion of the case further. Petitioner does not avoid the Thor Power analysis and cannot value the stones held either for sale or warranty "upon a reasonable basis" pursuant to section 1.471-2(c), Income Tax Regs. In any event, a zero value for inventory of a style that is sold at normal prices is not "reasonable." Petitioner has a heavy burden of proof to overcome respondent's disallowance of an inventory accounting method. *108 Thor Power Tool Co. v. Commissioner, supra at 532. Respondent's determination was not an abuse of discretion. Petitioner's motion for reconsideration of the Court's opinion will be granted in part to the extent that we concluded the stones held for assembly in new rings were not raw materials. An appropriate order will be issued. Footnotes
1. Petitioner also asks us to clarify the effect of our opinion on prior years which have been closed by settlement. We believe it is obvious that our opinion addresses only the years before us.↩